Diego J. Aranda Teixeira
AL OTRO LADO, INC.
634 S. Spring St. Suite 908
Los Angeles, CA 90014
Telephone: 253-882-8071
Email: diego@alotrolaodo.org

*Pro Bono* Attorney for Petitioner
HEVER ALBERTO MENDOZA LINARES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEVER ALBERTO MENDOZA LINARES, AL OTRO LADO<br><br>Petitioner Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, United States Attorney General, et al.,<br><br>Respondent Defendants, | CIVIL CASE NO.: 3:23-cv-01094-TWR-KSC<br><br><br>**OBJECTION TO NOTICE OF RELATED CASE** |

Respondent Defendants, Merrick Garland et al, through their counsel, seek to relate the present Petition for Habeas Corpus and Complaint to a prior Petition for Habeas Corpus brought by Petitioner Plaintiff Mr. Mendoza over two years ago. *See* Notice of Related case, Dkt.4 (July 18, 2023); *citing Mendoza Linares v.*

*Garland*, 21cv1169 BEN AHG (S.D. Cal.). Respondent Defendants do not cite the applicable local rule to relate cases, nor do they state, let alone meet, the applicable standard for such a Notice. A proper Notice of Related case requires a party to not only state "the title, number, and filing date of each action or proceeding", but also that this must be filed "**together** with a **detailed statement** of their relationship and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies. Local Rule 40.1(f) (emphasis added). Respondent Defendants' defective Notice also does not cite the relevant criteria, which are that the cases or proceedings share the same or similar " transactions", " parties or property", "patents or [...] trademark", "the same or substantially identical questions of law", that the matter involve a case "refiled within a year of having been previously terminated," or "involve substantial duplication of labor if heard by different judges." Local rule 40.1(e).

In a footnote Respondent Defendants state that they have not been served. Undersigned Counsel has communicated with the Clerk of this Court and will be imminently seeking to request a summons to serve Respondent Defendants.

The Notice should be dismissed and relation denied as procedurally improper. Respondent Defendants fail to include the title, number, and filing date of each action and make no effort to make out an accurate statement, let alone a detailed one, of the relationship of the two cases, nor of the reasons why assignment would "effect a saving of judicial effort and other economies." Local

Rule 40.1(f), Dkt.4. The Notice merely characterizes both cases as challenges to Mr. Mendoza's unconstitutionally prolonged detention requesting his release or a bond hearing. This is inaccurate as it fails to address differences between the arguments and facts relating to each habeas petition, and because it fully ignores the Freedom of Information Act complaint and its relationship to the illegality of Mr. Mendoza's detention.

Furthermore, the Rules require argument in detail on the relationship between the cases and whether reassignment of the present action would lead to judicial or other economies. Rule 40.1(f). Respondent Defendants make no such argument at all, let alone in detail. Dkt.4. Brief statements on the present Petition and Complaint and the older Petition are not detailed, nor do they explain any relationship between the cases or the parties. Furthermore, there is no attempt to even make a case as to judicial or other economies. Dkt.4.

The inadequacy of this Notice is underlined when considering the factors required to relate cases. We can set aside the patent and trademark factors. Local Rule 40.1(e). The Notice does not explain how the actions relate to the same or substantially the same transaction, involve the same or substantially similar questions of law, or would involve substantial duplication of labor if heard by different judges. *Id.* While termination is not relevant, the one year timeline referred to in the rules suggests that the passage of more than one year weighs against relating two cases. *Id.*

For those reasons alone, the Respondent Defendants' Notice should be rejected. As it fails to satisfy the relatively minimal requirements of the Local Rules, and as the filing organization is the largest and best-resourced legal employer in the world,[1] the Department of Justice should be expected to comply with rules in its filings, and it has not done so here.

In any case, Respondent Defendants' arguments are not persuasive. Properly applied, the rules indicate the cases should not be related.

**Parties:** The parties are not substantially similar because of the inclusion of Al Otro Lado as a requesting party in the Freedom of Information Act complaint. That balances against the similarity between the other parties, particularly as it adds to the difference in the claims brought in each case.

**Transactions or questions of law:** This more recent action does not arise out of the same transaction. The core of habeas petitions in the immigration context is to challenge the constitutionality of "arbitrary prolonged detention," and this has been preserved by both the Ninth Circuit and the Supreme Court as a question of ensuring that noncitizens held by Immigration and Customs Enforcement are not "deprived of life, liberty, or property without due process of law," the Supreme Court emphasizing how those who are least dangerous may be held the longest and how this perversely undermines their ability to pursue their

---

[1] https://www.justice.gov/oarm#:~:text=Attorney%20Recruitment%20%26%20Management-,About%20the%20Office,more%20than%2010%2C000%20attorneys%20nationwide. (last accessed on July 25, 2023)/

4
OBJECTION TO NOTICE OF A RELATED CASE

claims. *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018); *Jennings v. Rodriguez*, 200 L. Ed. 2d 122, 138 S. Ct. 830, 861 (2018) (Breyer, J., dissenting). Thus the passage of time, the reasons for continued detention, and the burdens on a noncitizens' ability to pursue their claim as a result of the obstacles their detention presents are key variables in habeas claims. It has now been two years and a month since Mr. Mendoza's initial Petition. *Mendoza Linares v. Garland*, 21cv1169 BEN AHG (S.D. Cal.), dkt.1 (Petition). The passage of time alone has made this a fundamentally different claim. One transaction involves detention two years and a month longer than the other. Mr. Mendoza has now been detained for nearly three and a half years, since about February 10, 2020. *See* Dkt.3.1 Exh.A ("Declaration") at 5, para 2. These are fundamentally different transactions and therefore questions of law as well.

The present habeas petition, 3:23-cv-01094-TWR-KSC, contains within it a Freedom of Information Act Complaint. 3:23-cv-01094-TWR-KSC Dkt.3 (Amended Petition and Complaint). That Complaint includes Al Otro Lado as a requestor of Mr. Mendoza's documents and information. The challenge to the legality of Mr. Mendoza's detention is also a challenge to the transparency regarding the conditions of his confinement and discretionary decisions as to his confinement. The issue of Respondent Defendants' failure to provide documents regarding Mr. Mendoza's detention is intimately intertwined with the present, newer. habeas petition, and was not raised in the older case. *Compare*

3:23-cv-01094-TWR-KSC dkt.3 (Amended Petition and Complaint) *to Mendoza Linares v. Garland*, 21cv1169 BEN AHG (S.D. Cal.) dkt.1 (Petition in older case). Al Otro Lado, as the requesting party, is best positioned to file that Complaint, regarding a different transaction altogether with a new party.

Respondent Defendants' failure to address this matter is telling, as accurately describing the claims and transactions undermines their Notice.

**Duplication of labor:** As the transactions and questions of law are different, labor will not be duplicated in this case. Economy is not just measured in terms of judicial economy. Local Rule 40.1(f) ("other economies"). It is right for all efficiencies and economies to be considered, as the focus should be on the efficient resolution of disputes, without undue delays. Respondent Defendants continue to spend astronomical sums in detaining Mr. Mendoza. Mr. Mendoza, meanwhile, sees no efficiency or economy in having his case related to a case that has been dormant for over a year, with no rulings, after being initiated over two years ago. 3:21-cv-01169-BEN-AHG, Dkts. 1 (Petition filed June 25, 2021) Dkts.8 & 9 (Traverse and Motion to Exclude Evidence, filed May 20, 2022). The record in the older case is now so stale that more time would be spent in distinguishing the circumstances of the present and older petition than in deciding them.

The Freedom of Information Act claim is not severable from the habeas petition, as Respondent Defendants' lack of transparency impacts the legality and

constitutionality of their detention of Mr. Mendoza. The claims are distinct and there is no efficiency to be had in reassigning the present case, therefore.

**Time:** Regarding the time between the two cases, the last action taken in the older case referred to in the Notice was on May 20, 2022, one year, two months, and five days ago. 3:21-cv-01169-BEN-AHG, Dkts.8 & 9 (Traverse and Motion to Exclude Evidence). Rule 40.1(e) implicitly suggests that one year of temporal distance between cases weighs against relating them. No action has been taken in that case since that time, and no rulings have been issued in over a year. This factor also weighs against relating the petitions.

**Conclusion**

The balance of the factors weighs against reassigning the present case and relating it to petition 3:21-cv-01169-BEN-AHG.  Any  similarity between the parties to each suit is weakened by the inclusion of Al Otro Lado as a party. Over two years have passed since the initiation of the older petition, and under the Supreme Court and Ninth Circuit's view of the law, a delay of two years changes the nature of the transaction in this case. Furthermore, transparency is at issue, and that affects the legality of the detention in these circumstances. This is a matter not in contention, in the same way, in the older petition. Lastly, there are no economies, judicial or otherwise, for inaction, as the different transactions and questions of law involved would burden, not assist, this Court should the case be reassigned, and both Mr. Mendoza and the Petitioner Respondents would be

burdened by delays in the resolution of the present case. Underlining this conclusion, over one year has passed without action in the older petition, which began over two years ago. The Local Rules suggest that the passage of time without any action in the older petition weighs against relation and reassignment. Nearly three and a half years is too long to remain detained without judicial oversight. This Court's time is best spent ruling on the constitutionality and legality of Mr. Mendoza's detention, and that of the withholding of documentation regarding that detention.

      For these reasons, Mr. Mendoza opposes the relation and reassignment of this case.

Dated: July 25, 2023                                                 Respectfully Submitted,



                                                                             Diego J. Aranda Teixeira