Diego J. Aranda Teixeira
AL OTRO LADO, INC.
634 S. Spring St. Suite 908
Los Angeles, CA 90014
Telephone: 253-882-8071
Email: diego@alotrolaodo.org

*Pro Bono* Attorney for Petitioner
HEVER ALBERTO MENDOZA LINARES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HEVER ALBERTO MENDOZA LINARES, AL OTRO LADO,<br><br>Petitioner Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, United States Attorney General, et al.,<br><br>Respondent Defendants, | CIVIL CASE NO.:<br>3:23-cv-01094-TWR-KSC<br><br><br><br>**OBJECTION TO CLERK'S NOTICE OF RELATED CASE** |
|---|---|

The Clerk of Court filed a Notice to relate the present Petition for Habeas Corpus and Complaint to a prior Petition for Habeas Corpus brought by Petitioner Plaintiff Mr. Mendoza over two years ago. *See* Notice of Related case, Dkt.6 (July 19, 2023); *citing Mendoza Linares v. Garland*, 21cv1169 BEN AHG (S.D. Cal.).

Mr. Mendoza objects to this Notice, as the balance of the applicable factors, that the cases or proceedings share the same or similar " transactions", "parties or property", "patents or [...] trademark", "the same or substantially identical questions of law", that the matter involve a case "refiled within a year of having been previously terminated," or "involve substantial duplication of labor if heard by different judges," weighs against relation and reassignment. Local rule 40.1(e). While termination is not relevant, the one year timeline referred to in the rules suggests that the passage of more than one year weighs against relating two cases. *Id.*

**Parties:** The parties are not substantially similar because of the inclusion of Al Otro Lado as a requesting party in the Freedom of Information Act complaint. That balances against the similarity between the other parties, particularly as it adds to the difference in the claims brought in each case.

**Transactions or questions of law:** This more recent action does not arise out of the same transaction. The core of habeas petitions in the immigration context is to challenge the constitutionality of "arbitrary prolonged detention," and this has been preserved by both the Ninth Circuit and the Supreme Court as a question of ensuring that noncitizens held by Immigration and Customs Enforcement are not "deprived of life, liberty, or property without due process of law," the Supreme Court emphasizing how those who are least dangerous may be held the longest and how this perversely undermines their ability to pursue their

2
OBJECTION TO CLERK'S NOTICE OF RELATED CASE

claims. *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018); *Jennings v. Rodriguez*, 200 L. Ed. 2d 122, 138 S. Ct. 830, 861 (2018) (Breyer, J., dissenting). Thus the passage of time, the reasons for continued detention, and the burdens on a noncitizens' ability to pursue their claim as a result of the obstacles their detention presents are key variables in habeas claims. It has now been two years and a month since Mr. Mendoza's initial Petition. *Mendoza Linares v. Garland*, 21cv1169 BEN AHG (S.D. Cal.), dkt.1 (Petition). The passage of time alone has made this a fundamentally different claim. One transaction involves detention two years and a month longer than the other. Mr. Mendoza has now been detained for nearly three and a half years, since about February 10, 2020. *See* Dkt.3.1 Exh.A ("Declaration") at 5, para 2. These are fundamentally different transactions and therefore questions of law as well.

The present habeas petition, 3:23-cv-01094-TWR-KSC, contains within it a Freedom of Information Act Complaint. 3:23-cv-01094-TWR-KSC Dkt.3 (Amended Petition and Complaint). That Complaint includes Al Otro Lado as a requestor of Mr. Mendoza's documents and information. The challenge to the legality of Mr. Mendoza's detention is also a challenge to the transparency regarding the conditions of his confinement and discretionary decisions as to his confinement. The issue of Respondent Defendants' failure to provide documents regarding Mr. Mendoza's detention is intimately intertwined with the present, newer. habeas petition, and was not raised in the older case. *Compare*

3

OBJECTION TO CLERK'S NOTICE OF RELATED CASE

3:23-cv-01094-TWR-KSC dkt.3 (Amended Petition and Complaint) *to Mendoza Linares v. Garland*, 21cv1169 BEN AHG (S.D. Cal.) dkt.1 (Petition in older case). Al Otro Lado, as the requesting party, is best positioned to file that Complaint, regarding a different transaction altogether with a new party.

**Duplication of labor:** As the transactions and questions of law are different, labor will not be duplicated in this case. Economy is not just measured in terms of judicial economy. Local Rule 40.1(f) ("other economies"). It is right for all efficiencies and economies to be considered, as the focus should be on the efficient resolution of disputes, without undue delays. Respondent Defendants continue to spend astronomical sums in detaining Mr. Mendoza. Mr. Mendoza, meanwhile, sees no efficiency or economy in having his case related to a case that has been dormant for over a year, with no rulings, after being initiated over two years ago. 3:21-cv-01169-BEN-AHG, Dkts. 1 (Petition filed June 25, 2021) Dkts.8 & 9 (Traverse and Motion to Exclude Evidence, filed May 20, 2022). The record in the older case is now so stale that more time would be spent in distinguishing the circumstances of the present and older petition than in deciding them.

The Freedom of Information Act claim is not severable from the habeas petition, as Respondent Defendants' lack of transparency impacts the legality and constitutionality of their detention of Mr. Mendoza. The claims are distinct and there is no efficiency to be had in reassigning the present case, therefore.

**Time:** Regarding the time between the two cases, the last action taken in the older case referred to in the Notice was on May 20, 2022, one year, two months, and five days ago. 3:21-cv-01169-BEN-AHG, Dkts.8 & 9 (Traverse and Motion to Exclude Evidence). Rule 40.1(e) implicitly suggests that one year of temporal distance between cases weighs against relating them. No action has been taken in that case since that time, and no rulings have been issued in over a year. This factor also weighs against relating the petitions.

**Conclusion**

The balance of the factors weighs against reassigning the present case and relating it to petition 3:21-cv-01169-BEN-AHG. Any similarity between the parties to each suit is weakened by the inclusion of Al Otro Lado as a party. Over two years have passed since the initiation of the older petition, and under the Supreme Court and Ninth Circuit's view of the law, a delay of two years changes the nature of the transaction in this case. Furthermore, transparency is at issue, and that affects the legality of the detention in these circumstances. Transparency and document production is a matter not in contention, in the same way, in the older petition. Lastly, there are no economies, judicial or otherwise, for inaction, as the different transactions and questions of law involved would burden, not assist, this Court should the case be reassigned, and both Mr. Mendoza and the Petitioner Respondents would be burdened by delays in the resolution of the present case. Underlining this conclusion, over one year has passed without action
5

OBJECTION TO CLERK'S NOTICE OF RELATED CASE

1  in the older petition, which began over two years ago. The Local Rules suggest
2  that the passage of time without any action in the older petition weighs against
3  relation and reassignment. Nearly three and a half years is too long to remain
4  detained without judicial oversight. This Court's time is best spent ruling on the
5  constitutionality and legality of Mr. Mendoza's detention, and that of the withholding of documentation regarding that detention.
6  
7  For these reasons, Mr. Mendoza opposes the relation and reassignment of this case.

Dated: July 25, 2023

Respectfully Submitted,



Diego J. Aranda Teixeira